O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| PEDRO DOMINGUEZ-BUENO | § | |
| | § | |
|     Petitioner | § | |
| v. | § | CIVIL ACTION NO. 5-11-46 |
| | § | CRIMINAL ACTION NO. 5-10-848-1 |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Pedro Dominguez-Bueno's ("Dominguez") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  [Dkt. No. 1].[1]  After careful consideration of Dominguez' petition, the record of prior proceedings, and the governing law, the Court **DISMISSES** Dominguez' motion.

**I.       BACKGROUND AND PROCEDURAL HISTORY**

In April 2010, a grand jury in Laredo, Texas charged Dominguez in a single count indictment with illegal entry into the United States after deportation in violation of 8 U.S.C. § 1326.  [Cr. Dkt. No. 7].  Dominguez later appeared before Magistrate Judge J. Scott Hacker for re-arraignment and to plead guilty to the charge of illegal reentry.  [Cr. Dkt. Nos. 13, 14].  In July 2010, Judge Andrew Hanen sentenced Dominguez to 70 months in prison followed by a three year term of supervised release.  [Cr. Dkt. No. 28].  Shortly thereafter, Dominguez filed a notice of appeal with the Fifth Circuit.  [Cr. Dkt. No.23].  Dominguez later moved the Fifth Circuit to dismiss his appeal.  [Cr. Dkt. No. 37].  Dominguez then filed a motion to vacate his sentence, the dismissal of which is the subject of this Memorandum and Order.  [Dkt. No. 1].

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system.  The Court will cite to the docket number entries rather than the title of each filing.  "Dkt. No." or "Dkt. Nos." (plural) will be used to refer to filings in civil case 5:11-cv-46, "Cr. Dkt. No." or "Cr. Dkt. Nos." (plural) will be used to refer to filings in criminal case 5:10-cr-848.

In Dominguez' motion, Dominguez states the following grounds for relief: (1) that Dominguez received ineffective assistance of counsel when his attorney allowed him to unwittingly waive "all his rights" by entering into a plea agreement; (2) that Dominguez' plea agreement was "not an intelligent and voluntary plea," and thus violated Dominguez' constitutional right to due process; (3) that the sentence that Dominguez received was "more than the maximum allowed by law;" and (4) that Dominguez received ineffective assistance of counsel when his attorney allowed his sentence to be enhanced "for charges that did not qualify." [Dkt. No. 1 at 4-8].

## II.   ANALYSIS

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)).  Generally, § 2255 claims fall under four categories: (1) that a sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that a sentence is in excess of the statutory maximum; or (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255 (2006); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).  After conducting an initial examination of the petition, the Court must dismiss if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief…."  28 U.S.C. § 2255, Proc. R. 4(b).  After conducting an examination of Dominguez' motion and the record preceding the motion, it is plain to this Court that Dominguez is not

entitled to relief under 28 U.S.C. § 2255 because he signed a waiver relinquishing his right to file a § 2255 motion as part of his plea agreement.  [Cr. Dkt. No. 13].

A.    *Knowing and Voluntary Waiver*

It is well established that a defendant may waive his right to appeal or otherwise collaterally attack his conviction and sentence.  *United States v. Sanchez Guerrero*, 546 F.3d 328, 335 (5th Cir. 2008).  A court must first determine whether the waiver was knowing and voluntary, and then evaluate whether the waiver "applies to the circumstances at hand, based upon the plain language of the agreement."  *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).  A district court may examine the validity of a waiver when a defendant files a motion to collaterally attack his conviction or sentence.  *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992) ("We think that a defendant's waiver of her right to appeal deserves and, indeed, requires the special attention of the district court.").

When determining whether a defendant's waiver is knowing and voluntary, the Fifth Circuit notes that Rule 11 admonishments provide "prophylactic protection for the constitutional rights involved in the entry of guilty pleas."  *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993).  Confirmations of understanding the Rule 11 admonishments made under oath are potent evidence that a plea was entered into knowingly and voluntarily.  *United States v. Esquivel-Solis*, 332 Fed.Appx. 944, 946 (5th Cir. 2009) (unpublished).   As Justice Stewart put it, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Moreover, the requirement that a waiver be knowing and voluntary does not require a court to ensure that the defendant's knowledge is perfect; rather, a court "must only ascertain whether the defendant has a realistic or reasonable understanding of his plea." *Boyd*, 2007 WL 900949, at *4 (citing *United States v. Ruiz*, 536 U.S. 622, 631 (2002). In the words of Justice Breyer, "the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor." *United States v. Ruiz*, 536 U.S. 622, 630 (2002).

At Dominguez' re-arraignment, Judge Hacker placed Dominguez under oath and advised him of the rights and implications surrounding a guilty plea consistent with the requirements of Federal Rule of Criminal Procedure 11. [Cr. Dkt. No. 33]; s*ee* FED. R. CRIM. P. 11(b). Judge Hacker focused a portion of this explanation on the fact that, as a part of his plea agreement, Dominguez was giving up his right to file a § 2255 motion or otherwise appeal or collaterally attack his conviction or sentence. [Cr. Dkt. No. 33 at 21-22]. Judge Hacker further explained that Dominguez' plea agreement contained recommendations that the Government would make in exchange for his guilty plea, but that those recommendations were not binding on this Court. [*Id*. at 24]. Dominguez confirmed that he understood that he was waiving his right to appeal or collaterally attack his sentence, and confirmed that he understood that the agreement he made with the government was not binding on this Court. [Cr. Dkt. No. 33 at 25, 24]. Dominguez further confirmed that he was pleading guilty freely and voluntarily and that it was his decision to plead guilty that day. [*Id*. at 37]. Judge Hacker also explained to Dominguez the maximum penalty that he was facing and explained to him that his sentencing would be affected by his

criminal history, and Dominguez said that he understood.  [Cr. Dkt. No. 33 at 38- 46].  Judge

Hacker went on to explain to Dominguez the process of entering a guilty plea, and reminded

Dominguez that he still had a right to plead not guilty and to receive a trial.  [Cr. Dkt. No. 33 at

46].  Dominguez confirmed that he understood his right to a trial, and that he agreed to waive

that right.  [*Id*. at 49].  Dominguez then pleaded guilty to the charge in his indictment and Judge

Hacker accepted Dominguez' plea.  [*Id*. at 58- 61].  Dominguez signed a plea agreement, which

unequivocally stated that he was waiving his right to appeal or collaterally attack his case, as

well as an addendum to the plea agreement which stated:

> I have consulted with my attorney and fully understand all my rights with respect
> to the indictment pending against me.  My attorney has fully explained and I
> understand all my rights with respect to the provisions of the United States
> Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case.  I
> have read and carefully reviewed every part of this plea agreement with my
> attorney.  I understand this agreement and I voluntarily agree to its terms.

[Cr. Dkt. No. 14].  The signature at the bottom of each of these documents is further evidence

that Dominguez knowingly and voluntarily entered into a plea agreement with the government.

[Cr. Dkt. No. 33 at 21- 23].

In his motion, Dominguez also claims that he did not appeal his case because "[t]rial

counsel allowed Petitioner to waive his right to appeal." [Dkt. No. 1 at 2, 4].  The record

indicates that Dominguez did in fact appeal his case to the Fifth Circuit only to later move to

dismiss his own appeal.  [Cr. Dkt. Nos. 23- 27; 30- 37].  Dominguez' claim that his counsel was

ineffective in allowing Dominguez to waive his right to appeal is refuted by the affidavit

attached to his Motion for Dismissal of Appeal.  *United States v. Pedro Dominguez-Bueno*,

'Motion Filed by Appellant Mr. Pedro Dominguez-Bueno to Dismiss Appeal Pursuant to Fed. R.

App. P. 42' at  4, No. 10-40765 (5th Cir. 2010).  The affidavit is signed and dated by Dominguez

and contains a declaration, written in Spanish and English, stating that Dominguez has consulted with his attorney, that he understands his right to appeal, that he understands that it will not cost him anything to appeal his case, and that he nonetheless wishes to withdraw his appeal, knowing that there will be no further appeal of his conviction or sentence.  *Id*.  Added to his statements in court and his signed plea agreement and addendum, this affidavit is evidence that Dominguez knowingly, voluntarily, and *repeatedly* agreed to waive his right to appeal his case.

Based on the foregoing review of the record, it is clear to this Court that Dominguez' waiver was knowing and voluntary.  Thus, Dominguez' second claim, that his plea agreement denied him due process of law because "it was not an intelligent and voluntary plea," is without merit.  Nonetheless, in limited circumstances a defendant may still avoid the affects of a waiver by showing that the waiver itself was tainted by ineffective assistance of counsel.  *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002).  Dominguez' first claim, that his counsel was ineffective in allowing him to unwittingly waive "all his rights" by entering into a plea agreement, amounts to a claim that the waiver that he signed was tainted by his counsel's ineffective assistance.  Consequently, the Court must next decide whether the waiver that Dominguez signed was rendered invalid due to the alleged ineffective assistance of Dominguez' counsel.

### B.   *Ineffective Assistance of Counsel*

Ineffective assistance of counsel constitutes a violation of the Sixth Amendment right to counsel, a constitutional claim permitted under 28 U.S.C. § 2255.  To prevail on a claim of ineffective assistance of counsel, Dominguez must show: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that Dominguez suffered prejudice as a result.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  When evaluating an attorney's

performance "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As indicated by the exacting two-prong test of *Strickland*, "the presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment." *Id*.

The first claim in Dominguez' motion is that his counsel was ineffective in allowing him to waive "all his rights" by signing a plea agreement that Dominguez now claims that he did not understand. [Dkt. No. 1 at 4]. This claim rings hollow in the face of Dominguez' repeated in-court affirmations that he had discussed the plea agreement with his attorney, that he understood the plea agreement, that he knew the rights that he was waiving, and that he had willingly entered into the plea agreement. [Cr. Dkt. No. 33]. Dominguez' implication that it is his counsel's fault that Dominguez did not understand the agreement into which he was entering does not withstand scrutiny under the *Strickland* test. Dominguez cannot claim that he was *prejudiced* by his counsel's failure to inform him of the contents and consequences of his plea agreement and waiver when Judge Hacker methodically covered all of this information with Dominguez at the re-arraignment hearing. [*Id.*]. Because Dominguez cannot prove prejudice under the *Strickland* test, his claim that his counsel was ineffective in allowing him to sign a plea agreement is without merit.

Dominguez' remaining claims allege that his sentence was "more than the maximum allowed by law" (third claim) and that his counsel was ineffective for allowing Dominguez to receive such a sentence (fourth claim). [Dkt. No. 1 at 7- 8]. The Fifth Circuit has held that "a § 2255 waiver does not preclude review of a sentence that exceeds the statutory maximum." *United States v. Hollins*, 97 Fed.Appx. 477, 479, 2004 WL 963250, 2 (5th Cir. 2004). However, Dominguez' sentence of 70 months was well below the 20 year statutory maximum permitted

under 8 U.S.C. § 1326; consequently, his third claim, that his sentence was unconstitutional, fails. Further, because his sentence did not exceed the statutory maximum, Dominguez cannot show that his sentence was prejudiced by any error or omission of his counsel. And without the requisite proof of prejudice, Dominguez' fourth claim, that his counsel was ineffective at the sentencing stage, fails the *Strickland* test.

## III.   CONCLUSION

Because Dominguez knowingly and voluntarily signed a waiver of his right to collaterally attack his sentence, and because none of Dominguez' claims render that waiver invalid, Dominguez' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DISMISSED**. Additionally, should Dominguez seek one, a certificate of appealability is **DENIED**. A separate final judgment will issue.

IT IS SO ORDERED.

Done this 16th day of May, 2011, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE